UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTY A. BYSTRY, *on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

ROYAL OAK INDUSTRIES, INC. d/b/a
ROYAL OAK BORING, INC. BRONSON
d/b/a PRECISION PRODUCTS, INC,

    Defendant.
_____/

Case No. 1:16-cv-210

HON. JANET T. NEFF

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion for Class Certification and Related Relief, accompanying memorandum, supporting declarations and documentation, and proposed order. A default was entered against Defendant following service of the motion and the withdrawal of defense counsel. Defendant has failed to respond to the motion. Upon review, the Court determines that Plaintiff's well-presented motion is properly granted.

**I. BACKGROUND**

Plaintiff alleges that on or about February 15, 2016, Defendant Royal Oak Industries, Inc., d/b/a Royal Oak Boring, Inc. and d/b/a Bronson Precision Products, Inc., terminated the employment of Plaintiff and approximately 200 other employees who worked at Defendant's facilities in Bloomfield Hills, Bronson, and Port Huron, Michigan. Plaintiff and the other employees were terminated as part of, or as a result of a mass layoff and/or shutdown, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101(a)(2) (the "WARN

Act"). Further, Defendant carried out the mass layoff and/or shutdown without giving 60 days' advance notice to Plaintiff and the employees as required by the WARN Act. Defendant also failed to pay Plaintiff and the other former employees 60 days' pay and benefits in lieu of WARN notice.

On February 26, 2016, Plaintiff commenced this Class Action Complaint (hereinafter the "Complaint") against Defendant (ECF No. 1). On June 30, 2016, Defendant filed an Answer to the Complaint (ECF No. 13), and an Amended Answer on July 21, 2016 (ECF No. 15). On September 22, 2016, the Court entered a Case Management Order (ECF No. 20).

On December 30, 2016, Plaintiff filed and served the instant Motion for Class Certification and Related Relief (the "Class Certification Motion") (ECF Nos. 31, 32), including a proposed Order Certifying a Class and Granting Related Relief (ECF No. 32-5). Plaintiff states that prior to filing the Class Certification Motion, the parties informally exchanged information regarding putative class members in order to ascertain the scope of the class. Plaintiff was able to make a reasonable estimate of the class size, identity of putative class members, and potential damages.

Subsequent to Plaintiff moving for class certification, Defendant's counsel filed an Unopposed Motion to Withdraw as Counsel (the "Motion to Withdraw") (ECF No. 33), which was granted on January 9, 2017 (ECF No. 35). In the Order granting the Motion to Withdraw, the Court ordered Defendant to secure new counsel on or before January 30, 2017 and permitted Plaintiff to file for entry of default and default judgment (ECF No. 35). Defendant failed to secure new counsel and has failed to file a Response to Plaintiff's Class Certification Motion.

On March 17, 2017, Plaintiff filed for entry of default against Defendant (ECF No. 37), which was entered on March 20, 2017 (ECF No. 39). The motion for class certification is now before the Court as a matter preliminary to proceeding with default judgment.

2

## II. LEGAL STANDARD

Plaintiff moves for class certification pursuant to Federal Rule of Civil Procedure 23. As the party seeking class certification, Plaintiff has the burden of showing that the requirements of Rule 23 are met. *Smith v. ComputerTraining.com, Inc.*, No. 2:10-CV-11490, 2011 WL 308992, at *2 (E.D. Mich. Jan. 27, 2011) (citing *Anchem Prods., Inc., v. Windsor*, 521 U.S. 591 (1997)). A district court has broad discretion in determining whether an action should be certified as a class action. *Smith*, 2011 WL 308992, at *2 (citing *Sterling v. Velslcol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)).

"[T]he Court is required to 'conduct a rigorous analysis into whether the prerequisites of Rule 23 are met before certifying a class.'" *Smith*, 2011 WL 308992, at *2 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078-1079 (6th Cir. 1996) (internal quotations and citation omitted)). Any doubt concerning whether to certify a class action should be resolved in favor of allowing a class. *Smith*, 2011 WL 308992, at *2 (citing *Little Caesar Enter., Inc. v. Smith*, 172 F.R.D. 236, 241 (E.D. Mich. 1997)).

## III. ANALYSIS

Although a default has been entered against Defendant, "'(r)elief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Smith*, 2011 WL 308992, at *2 (quoting *Davis v. Romney*, 490 F.2d 1360, 1366 (3rd Cir. 1974)); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006); *Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003). For the reasons detailed in Plaintiff's memorandum, the Court finds the requirements for class certification met in this case, as summarized below.

### A. Prerequisites under Rule 23(a)

Rule 23(a) sets forth four essential prerequisites for a class action:

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

"These prerequisites are generally referred to as numerosity, commonality, typicality, and adequacy of representation." *Smith*, 2011 WL 308992, at *3 (citing, e.g., *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 167 (E.D. Mich. 2006)).

1. Numerosity

Numerosity requires a finding that the putative class is "so numerous that joinder of all members is impracticable." *Appoloni v. U.S.*, 218 F.R.D. 556, 561, amended 219 F.R.D. 116 (W.D. Mich. 2003); *see Davidson v. Henkel Corp.*, 302 F.R.D. 427, 436 (E.D. Mich. 2014) (finding that class of 49 employees satisfied numerosity, noting that the Sixth Circuit and district courts in Michigan have certified classes of as few as 35 employees.)

The numerosity requirement is satisfied. A WARN class is likely to satisfy Rule 23(a)(1), given the nature of the Act. *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 91 (D. Conn. 2004) (citing *Finnan v. L.F. Rothschild & Co.*, 726. F. Supp. 460, 465 (S.D.N.Y. 1989) ("By its terms, WARN is applicable only in the context of employer action which affects a large number of employees.")). Here, the estimated class size is approximately 200 members. Joinder of that number of litigants is impracticable. Moreover, the members of the proposed class have limited financial resources and the size of their individual claims make individual suits financially unfeasible (e.g., Plaintiff asserts a claim of less than $8,000 not including benefits).

2. Commonality

The commonality requirement requires existence of at least one question of law or fact common to the Class. FED. R. CIV. P. 23(a)(2); *Avio, Inc. v. Alfoccino, Inc.*, 311 F.R.D. 434, 444 (E.D. Mich. 2015) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). In the WARN context, the commonality requirement has been met where the class of employees was allegedly laid off without the 60-day advance notice required by the WARN Act, since the named plaintiff and proposed class were united by the common legal question of whether the employer complied with the statutory notice requirements of the WARN Act. *See In re A-P-A Transp. Corp. Consol. Litig.*, No. Civ. 02-3480, 2005 WL 30779, at *4 (D.N.J. Nov. 16, 2005). *See also Etzelsberger v. Fisker Automotive, Inc.*, 300 F.R.D. 378, 383 (C.D. Cal. 2013) ("common questions as to whether Fisker is a 'covered employer' for purposes of the WARN Acts and whether the … terminations were done in connection with a mass layoff or resulted from a plant closing"; and Fisker's "affirmative defenses … present questions of fact and law common to all class members.").

Here, Plaintiff alleges that he and the other Class Members were terminated as part of a common plan stemming from Defendant's decision to terminate the putative class members. Additionally, the factual and legal questions stem from a common core of facts regarding Defendant's actions and a common core of legal issues regarding every class member's rights under the WARN Act. These common questions satisfy the commonality requirement.

3. Typicality

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Davidson*, 302 F.R.D. at 437 (quoting *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013) (citation omitted)). "A claim is

typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys., Inc.,* 75 F.3d at 1082); *accord Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 407 (E.D. Mich. 2012).

In the WARN context, typicality is determined with reference to the particular company's course of conduct. *See, e.g., Murphy v. LenderLive Network, Inc.*, No. 13-cv-03135-RBJ, 2014 WL 5396165, at *4 (D. Colo. Oct. 22, 2014). Here, Plaintiff suffered the same type of injury as the rest of the Class and his claims have the "same essential characteristics as the claims of the class at large." *See Etzelsberger*, 300 F.R.D. at 383. The terminations of Plaintiff and the putative class members resulted from the same course of events, and they all allegedly suffered the same type of injury as a result of Defendant's alleged failure to comply with the WARN Act. The legal theory upon which Plaintiff proceeds makes him typical of the Class. The typicality requirement is satisfied.

4. Adequacy of Representation

Under this requirement, Plaintiff must show that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *Kinder v. Nw. Bank*, 278 F.R.D. 176, 184 (W.D. Mich. 2011). The Sixth Circuit has identified "two criteria for determining the adequacy of representation: (1) the representative must have common interests with the unnamed members of the class (common interests), and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel (vigorous prosecution)." *Kinder*, 278 F.R.D. at 184 (footnote omitted) (citing *In re Am. Med. Sys.*, 75 F.3d at 1079) (citation omitted).

Here, these criteria are met. The circumstances of Plaintiff's employment and termination render his interests the same as those of putative class members. All must prove that they were entitled to, and not given adequate WARN notice, and all must show that Defendant is not protected by WARN's statutory exceptions. Further, the record establishes that Plaintiff's counsel are well-qualified and experienced, and there is no doubt that they will vigorously prosecute the interests of the class (*see* Roupinian Decl., ECF No. 32-3). *See Kinder*, 278 F.R.D. at 184. This Rule 23 prerequisite is satisfied.

### B. Type of Class under Rule 23(b)

The class meets the predominance and superiority requirements of Rule 23(b)(3). *See Calloway*, 287 F.R.D. at 407.

Predominance is satisfied if the liability issue is common to the class, common questions are held to predominate over individual ones, i.e., "if a single factual or legal question is 'at the heart of the litigation.'" *Id*. (citation omitted). Here, as in *Calloway*, given the common liability issues under the WARN Act, predominance is satisfied. *See also Nolan v. Reliant Equity Inv'rs, LLC*, No. 3:08-CV-62, 2009 WL 2461008, at *5 (N.D. W.Va. Aug. 10, 2009) (finding predominance in a WARN case because of the key questions: "First, whether AB & C Group was subject to the requirements of the WARN Act. Second, whether the appropriate WARN notice was given. Third, whether the defendants are legally liable for the alleged violation. With respect to liability, there are no issues that are not common."). The need to calculate damages on an individualized basis does not necessarily defeat predominance, particularly where the calculations are straightforward and rest on a finding of liability. *See id.* at *4.

Superiority requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *Calloway*, 287 F.R.D. at 407 ("The superiority

Here, these criteria are met. The circumstances of Plaintiff's employment and termination render his interests the same as those of putative class members. All must prove that they were entitled to, and not given adequate WARN notice, and all must show that Defendant is not protected by WARN's statutory exceptions. Further, the record establishes that Plaintiff's counsel are well-qualified and experienced, and there is no doubt that they will vigorously prosecute the interests of the class (*see* Roupinian Decl., ECF No. 32-3). *See Kinder*, 278 F.R.D. at 184. This Rule 23 prerequisite is satisfied.

### B. Type of Class under Rule 23(b)

The class meets the predominance and superiority requirements of Rule 23(b)(3). *See Calloway*, 287 F.R.D. at 407.

Predominance is satisfied if the liability issue is common to the class, common questions are held to predominate over individual ones, i.e., "if a single factual or legal question is 'at the heart of the litigation.'" *Id*. (citation omitted). Here, as in *Calloway*, given the common liability issues under the WARN Act, predominance is satisfied. *See also Nolan v. Reliant Equity Inv'rs, LLC*, No. 3:08-CV-62, 2009 WL 2461008, at *5 (N.D. W.Va. Aug. 10, 2009) (finding predominance in a WARN case because of the key questions: "First, whether AB & C Group was subject to the requirements of the WARN Act. Second, whether the appropriate WARN notice was given. Third, whether the defendants are legally liable for the alleged violation. With respect to liability, there are no issues that are not common."). The need to calculate damages on an individualized basis does not necessarily defeat predominance, particularly where the calculations are straightforward and rest on a finding of liability. *See id.* at *4.

Superiority requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *Calloway*, 287 F.R.D. at 407 ("The superiority

requirement of Rule 23(b)(3) is met if the class action is a better way than individual litigation to adjudicate a claim.") (citing *Daffin v. Ford Motor Co.,* 458 F.3d 549, 554 (6th Cir. 2006)). Here, as noted above, a class action is the superior method of resolving the WARN dispute because many of the claims are quite small, making individual lawsuits impracticable. *See Calloway*, 287 F.R.D. at 408. Further, it is in the interest of judicial economy to consolidate as many as 200 potential claims into a single action, which will allow the common questions of law and fact to be consistently and efficiently determined. *See Bent v. ABMD, Ltd.* (*In re* ABMD Ltd.), 439 B.R. 475, 488 (Bankr. S.D. Ohio 2010).

### C. Appointment of Class Counsel

Plaintiff is represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting WARN Act claims, having been appointed Class Counsel in over 100 WARN actions. Plaintiff's counsel has been actively and diligently prosecuting this action, expending attorney and paralegal time in furtherance of the litigation. The appointment of Plaintiff's counsel as class counsel is appropriate.

### D. Appointment of Plaintiff as Class Representative

Plaintiff has diligently pursued the class claim and represents that he has worked with counsel in initiating and prosecuting the action. Further, Plaintiff has no conflict of interest with other Class Members, and has and will fairly and adequately represent the interests of the Class. His appointment as Class Representative is appropriate.

**E. The Form and Manner of Service of Notice are Proper**

Rule 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members, and that the notice concisely and clearly state in plain, easily understood language:

> **(i)** the nature of the action;
> **(ii)** the definition of the class certified;
> **(iii)** the class claims, issues, or defenses;
> **(iv)** that a class member may enter an appearance through an attorney if the member so desires;
> **(v)** that the court will exclude from the class any member who requests exclusion;
> **(vi)** the time and manner for requesting exclusion; and
> **(vii)** the binding effect of a class judgment on members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B); *Gooch v. Life Inv'rs Ins. Co. of Am.*, 672 F.3d 402, 422-23 (6th Cir. 2012).

Here, as Plaintiff sets forth, these requirements are met. The Notice summarizes in plain language the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation, and that if they do not opt-out, they may appear by their own counsel. *See Calloway*, 287 F.R.D. at 408.

Plaintiff further states that the names and addresses of all the putative Class Members are contained in Defendant's records. Once Plaintiff has been provided with a class list and the addresses of the Class Members, Plaintiff's counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the Class Members so that they will have at least 30 days from the date of the mailing to object to Class certification and to opt-

out of the Class.  The Court is persuaded that individual mailing is the best practicable notice under the circumstances.

## IV.  CONCLUSION

For the reasons stated, Plaintiff's Motion for Class Certification (ECF No. 31) is **granted**. Plaintiff's proposed Order Certifying a Class and Granting Related Relief (ECF No. 32-5) will be entered consistent with this Opinion.


Dated:  September 22, 2017                 /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge